1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 ROBERT G. BAKER,                   CASE NO. 1:13-cv-01931-MJS

12            Plaintiff,               ORDER DISMISSING COMPLAINT WITH
                                       LEAVE TO AMEND
13       v.
                                       (ECF NO. 1)
14 CONNIE GIPSON, et al.,
                                       AMENDED COMPLAINT DUE WITHIN
15            Defendants.              THIRTY (30) DAYS

16

17                            __SCREENING ORDER__

18 **I.    __PROCEDURAL HISTORY__**

19       Plaintiff Robert G. Baker, a state prisoner proceeding pro se and in forma

20 pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 15,

21 2013.  (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 8).

22 His complaint is now before the Court for screening.

23 **II.   __SCREENING REQUIREMENT__**

24       The Court is required to screen complaints brought by prisoners seeking relief

25 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

27 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

28

                                      1

1  relief may be granted, or that seek monetary relief from a defendant who is immune from

2  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

3  thereof, that may have been paid, the court shall dismiss the case at any time if the court

4  determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5  be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6      A complaint must contain "a short and plain statement of the claim showing that

7  the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

8  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

9  supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

10  1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

11  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

12  plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

13  that a defendant committed misconduct and, while factual allegations are accepted as

14  true, legal conclusions are not.  Id. at 1949-50.

15  **III.**    **SUMMARY OF COMPLAINT**

16      The Complaint identifies the following individuals as Defendants: (1) Connie

17  Gipson, Warden, Corcoran State Prison (Corcoran); (2) L.D. Zamora, Chief, California

18  Correctional Health Care Services; (3) C. McCabe, M.D., Corcoran; (4) O.

19  Beregovskays, M.D., Acting Chief Medical Executive, Corcoran; (5) Teresa Macias,

20  medical staff member and Chief Executive Officer, Corcoran; (6) C. Sisodia, R.N.,

21  Corcoran; and (7) Victor V. Kitt, M.D., Premier Physician Alliance, Inc.

22      Plaintiff alleges the following:

23      On May 17, 2011, Plaintiff underwent ear surgery at U.C. Davis Hospital and a

24  tube was inserted in his left ear.  (Compl. at 3.)  During a follow-up appointment the tube

25  was found to be plugged and a doctor cleared it.  Plaintiff was scheduled for another

26  appointment at the end of August.  Plaintiff was transferred from California State Prison,

27  Sacramento to Corcoran on August 24, 2011 and immediately filed a medical care

28  request.

Plaintiff was seen by a doctor in September 2011 and referred to an Ear, Nose, and Throat (ENT) specialist.  Dr. Smith, an ENT specialist, examined Plaintiff, ordered a CT scan, and recommended that the tube be replaced.  (Id. at 4.)  The tube replacement procedure was approved, but not conducted.  A December 29, 2011 medical record erroneously indicates that Plaintiff refused the procedure.  Plaintiff was referred to Dr. Smith for an appointment on February 12, 2012, but was not seen until April 30, 2012. Plaintiff was scheduled for another CT scan and an audiogram.  The audiogram was not conducted because of a technical error in Plaintiff's referral.  Thereafter Plaintiff was repeatedly denied treatment for unspecified reasons.

On August 27, 2012, almost a year after his first appointment with Dr. Smith, Plaintiff was seen again and prescribed the same course of treatment identified a year earlier.  (Id. at 5.)  Plaintiff was then seen by Dr. Nguyen who delayed treatment because he could not identify which of Plaintiff's ears were affected.  On October 4, 2012, Plaintiff was interviewed by Defendant Sisodia and approved for treatment.  However, due to a fever and flu symptoms Plaintiff's surgery was rescheduled.

On February 12, 2013, Plaintiff was seen by Defendant Kitt.  (Id. at 6.)  A record of that appointment, signed by Dr. Kitt and attached to the Complaint, states, "today the PE Tube was self extruded [and] removed from the ear canal."  (Id. at 66.)  The tube was not removed as reported and currently remains in Plaintiff's ear causing pain, balance issues, and hearing loss.  (Id. at 7.)  Dr. Smith examined Plaintiff on July 29, 2013 and confirmed that the tube remained in Plaintiff's ear.  (Id. at 73.)  The tube is painful and causes irritation, infections, and swelling.  Plaintiff has yet to receive adequate medical care.  (Id. at 7, 8.)

IV.   **ANALYSIS**

A.   **Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

1  Section 1983 is not itself a source of substantive rights, but merely provides a method for

2  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

3  (1989).

4       To state a claim under Section 1983, a plaintiff must allege two essential

5  elements: (1) that a right secured by the Constitution or laws of the United States was

6  violated and (2) that the alleged violation was committed by a person acting under the

7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

8  Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

9       **B.**    **Linkage Requirement**

10       Under § 1983, Plaintiff must demonstrate that each defendant personally

11  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th

12  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a

13  plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572

14  F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting

15  this plausibility standard.  Id.

16       The statute requires that there be an actual connection or link between the

17  actions of the defendants and the deprivation alleged to have been suffered by the

18  plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).

19  Government officials may not be held liable for the actions of their subordinates under a

20  theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official

21  cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

22  plead sufficient facts showing that the official has violated the Constitution through his

23  own individual actions.  Id. at 1948.  In other words, to state a claim for relief under §

24  1983, Plaintiff must link each named defendant with some affirmative act or omission

25  that demonstrates a violation of Plaintiff's federal rights.

26       Plaintiff alleges that Defendant Kitt falsely reported that he had removed Plaintiff's

27  ear tube, thereby futher delaying necessary medical care.  These allegations identify an

28  act linking Defendant Kitt to the alleged Eighth Amendment violation.  However, there

are no allegations similarly linking any of the other Defendants to a violation.   Instead Plaintiff attaches approximately seventy-eight pages of exhibits and directs the Court to their contents for evidence of each Defendant's culpability. **The Court will not search through Plainitff's proposed exhibits to see whether they might reflect liability on the part of the various Defendants. Plaintiff must set forth in his Complaint specific facts as to each individual Defendant's conduct that proximately caused a violation of his rights.** Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).   Moreover, allegations that defendants are supervisors and thus responsible for the wrongs of those under their supervision or liable for negligence or for failing to investigate are also insufficient.   Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link Defendants Gipson, Zamora, McCabe, Beregovskays, Macias, and Sisodia to the violations alleged.   The Court will provide an opportunity to amend.   Should Plaintiff choose to amend, he must describe, independently of proposed exhibits, the events underlying his claim plainly and succinctly in a way that addresses precisely who did what, when, and how that conduct contributed to the violation of his rights.

### C.   Inadequate Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.   Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).   Plaintiff "must show [1] a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).   Deliberate indifference is shown by "(a) a purposeful act or

1  failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by

2  the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

3      The implantation of an ear tube and allowing it to remain beyond the time set for

4  removal resulting in pain, infection, and swelling adequately describes a serious medical

5  need, i.e., the first element of an Eighth Amendment medical treatment claim.  See Doty

6  v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are

7  those a reasonable doctor would think worthy of comment, those which significantly

8  affect the prisoner's daily activities, and those which are chronic and accompanied by

9  substantial pain).

10     According to the Complaint, on February 12, 2013 Dr. Kitt incorrectly reported that

11 the tube had been removed from the Plainitff's ear canal.[1]  The confusion caused by this

12 misinformation delayed proper treatment and caused Plaintiff to suffer more pain.

13 Plaintiff was sent to Defendant Kitt for an audiology test and to remove the ear tube.

14 The Defendant allegedly failed to conduct either procedure yet reported that they had

15 been completed.

16     The allegation that Defendant Kitt incorrectly recorded that a medical procedure

17 had been conducted is of course troubling, but the facts plead fall short of reflecting

18 deliberate indifference.  Specifically, there are no factual allegations suggesting that

19 Defendant Kitt acted intentionally with knowledge of his error.  "[A]n inadvertent failure to

20 _____

21 [1]  Defendant Kitt is employed by Premiere Physician Alliance, Inc. and is not a state employee.  "To state
a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and
laws of the United States, and must show that the alleged deprivation was committed by a person acting

22 under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  The presumption is
that "conduct by private actors is not state action," Florer v. Congregation Pidyon Shevuyim, N.A., 639

23 F.3d 916, 922 (9th Cir. 2011), cert. denied, ⸺ U.S. ⸺, 132 S.Ct. 1000 (2012), but "'state action may
be found if . . . there is such a close nexus between the State and the challenged action that seemingly

24 private behavior may be fairly treated as that of the State itself,'"  Florer, 639 F.3d at 924 (quoting
Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001)).  The

25 medical form signed by Dr. Kitt includes the CDCR on its letterhead and instructions for faxing the
materials to various state prisons.  Plaintiff was referred to Dr. Kitt for treatment by prison medical officials.

26 Plaintiff plausibly alleges that Dr. Kitt had an ongoing relationship with the state and therefore was acting
under color of state law.  See West, 487 U.S. at 54 (a private physician under contract with a state to

27 provide medical services to inmates was a state actor for purposes of section 1983); see also Lopez v.
Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991) (state action was sufficiently alleged by a

28 complaint stating that the defendant hospital was under contract with the State of Arizona to provide
medical services to indigents).

6

1  provide adequate medical care does not, by itself, state a deliberate indifference claim

2  for § 1983 purposes." Wilhelm, 680 F.3d at 1122 (internal citation and quotation marks

3  omitted); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ( "[A] complaint that a

4  physician has been negligent in diagnosing or treating a medical condition does not state

5  a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice

6  does not become a constitutional violation merely because the victim is a prisoner.").

7  Even gross negligence is insufficient to establish deliberate indifference to serious

8  medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  The

9  mere possibility that Defendant Kitt acted intentionally is not sufficient to state a claim.

10  Iqbal, 129 S.Ct. at 1949-50.

11       The Court will grant Plaintiff leave to amend.  To state a claim, Plaintiff must

12  allege facts that demonstrate that Defendant Kitt reported false information in knowing

13  disregard of Plaintiff's serious medical need.  Merely allegeling that Defendant Kitt filed

14  an incorrect medical report will not be sufficient.

15  **V.    CONCLUSION**

16       Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff

17  an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49

18  (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts

19  resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff

20  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

21  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate

22  that each named Defendant personally participated in a deprivation of his rights.  Jones

23  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

24       Plaintiff should note that although he has been given the opportunity to amend, it

25  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

26  Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

27  curing the deficiencies set forth above.

28

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 15, 2013;

2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.    Plaintiff shall file an amended complaint within thirty (30) days; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   January 29, 2014          /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE