UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER,<br><br>              Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>              Defendants. | Case No.  1:13-cv-1931-LJO-MJS (PC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 16), AND (2) DENYING MOTION FOR DEFAULT JUDGMENT (ECF No. 15)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 7 & 10.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared in the action. The action proceeds against Defendant Kitt on Plaintiff's Eighth Amendment inadequate medical care claim. (ECF No. 11.)

On October 3, 2013, Plaintiff filed a motion for default judgment as to Defendant Kitt. (ECF No. 15.) On November 12, 2014, he filed a request for entry of default, purportedly against all Defendants named in his complaint. (ECF No. 16.)

Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter default

1 against a party when that party has "failed to plead or otherwise defend, and that failure
2 is shown by affidavit or otherwise." The docket for this case shows that the United
3 States Marshal served Defendant Kitt by mail on August 28, 2014. (ECF No. 14.) Kitt
4 returned a Waiver of Service of Summons form on September 2, 2014. (Id.) The Waiver
5 is signed by Kitt and states that he understands that judgment may be entered against
6 him if he does not file an answer or a motion under Federal Rule of Civil Procedure 12
7 within sixty days of August 28, 2014. (Id.)

8 To date, Defendant Kitt has not filed an answer or Rule 12 motion. Rule 55(a)
9 mandates that the Clerk enter default against Defendant Kitt. Accordingly, Plaintiff's
10 request for entry of default against Defendant Kitt will be granted, and the Clerk of Court
11 will be directed to enter default against Defendant Kitt.[1]

12 Once default has been entered, the burden shifts back to the Plaintiff to move for
13 the entry of default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default against a
14 defendant does not necessarily entitle Plaintiff to a default judgment. Aldabe v. Aldabe,
15 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider numerous factors in deciding
16 whether to exercise its discretion to enter a default, including the merits of plaintiff's
17 substantive claim, the possibility of disputed material facts, whether defendant's default
18 was due to excusable neglect, and the strong policy favoring decisions on the merits.
19 Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986) (citation omitted). Plaintiff's motion
20 addresses none of these factors. Accordingly, his motion for default judgment as to
21 Defendant Kitt will be denied without prejudice.

22 If Plaintiff chooses to refile his motion, he must prove the specific amount of
23 damages to which he is entitled under the sworn allegations in the first amended
24 complaint. Fed. R. Civ. P. 55(b)(2). He should submit a sworn declaration, along with
25 any other supporting documentation, outlining his damages with sufficient particularity
26 so as to allow the Court to determine from it and the first amended complaint whether

---

[1] The Court dismissed Plaintiff's claims against the other defendants with prejudice. (ECF No. 11.) Plaintiff's motion for entry of default against defendants other than Kitt will be denied with prejudice.

default judgment is appropriate and, if so, in what amount. Plaintiff is warned that he is limited to the damages sought in his first amended complaint. Fed. R. Civ. P. 54(c).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for entry of default against Defendant Kitt (ECF No. 16) is GRANTED;
2. The Clerk of Court is directed to enter default against Defendant Kitt;
3. The Clerk also is directed to serve a copy of this order on Defendant Kitt at the address where service of the complaint was effectuated; and
4. Plaintiff's motion for default judgment (ECF No. 15) against Defendant Kitt is DENIED without prejudice.

IT IS SO ORDERED.

Dated: December 11, 2014        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE