UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-01931-MJS (PC)<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>**(ECF No. 19)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 7 & 10.) The action proceeds against Defendant Kitt on Plaintiff's Eighth Amendment inadequate medical care claim. (ECF No. 11.)

On September 2, 2014, Defendant Kitt executed a waiver of service that had been sent August 28, 214. (ECF No. 14.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), his answer was due on October 27, 2014. No answer was filed. Plaintiff filed a request for entry of default (ECF No. 16) and a request for default judgment (ECF No. 15). On December 11, 2014, the Court granted Plaintiff's request for entry of default against Defendant Kitt, but denied his motion for default judgment. (ECF No. 17.) Default was entered the same day. (ECF No. 18.)

1

Before the Court is Defendant's December 22, 2014 motion to set aside the entry of default. (ECF No. 19.) Plaintiff filed no response, and the time for doing so has passed. This matter is deemed submitted pursuant to Local Rule 230(*l*).

## II.  LEGAL STANDARD

A Court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard under Rule 55(c) is the same as that governing vacating a default judgment under Rule 60(b). Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004). "The court's discretion is especially broad where, as here, it is an entry of default that is being set aside, rather than default judgment." O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). To determine whether good cause exists, the Court must consider three factors: (1) whether the defaulting party engaged in culpable conduct leading to the default, (2) whether the defaulting party has a meritorious defense, and (3) whether reopening the default would prejudice the plaintiff. Franchise Holding, 375 F.3d at 926.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). An intentional failure to respond denotes a willful, deliberate, or bad faith failure. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697-98 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'" Id.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." Id. at 700. Additionally, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." Id.

## III. DISCUSSION

### A. Defendant's Arguments

Defendant states that, upon receipt of the summons and complaint, he asked his office manager to contact the medical group with which he worked, notify it of the lawsuit and ask that it provide him with a defense. Defendant's office manager relayed the information to the medical group, and Defendant believed the group would defend him in this suit. Upon receipt of the notice of entry of default, he promptly contacted his malpractice insurance carrier and requested legal counsel. Accordingly, Defendant argues he did not act culpably in failing to respond.

Defendant further states that he has a meritorious defense to the action because he believes the complaint reflects nothing more than that he chose one of two or more appropriate treatments for Plaintiff's medical condition and was not deliberately indifferent to Plaintiff's needs. He intends to obtain expert review and opinion evidence as to the treatment provided.

Finally, Defendant states that the only apparent prejudice would be a "theoretical" delay in the resolution of the case.

### B. Analysis

Defendant has presented good cause for setting aside the entry of default against him. His failure to timely respond to the complaint appears to present a good faith mistake. Although arguably cavalier and certainly neglectful, the failure to respond does not reflect culpability. Defendant also has indicated an intent to present a meritorious defense supported by expert opinion and applicable law. The Court finds no prejudice to Plaintiff aside from the minimal delay in resolution of the action. Plaintiff, not having responded, has not presented any argument to the contrary.

## IV. CONCLUSION AND ORDER

Good cause having been shown, Plaintiff's motion to set aside entry of default (ECF No. 19) is HEREBY GRANTED.

The Clerk of Court is instructed to set aside the default entered against Defendant Kitt. (ECF No. 18.)

Defendant is HEREBY ORDERED to file an answer or responsive motion within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   February 5, 2015         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE