1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                               EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT G. BAKER                        CASE NO. 1:13-cv-01931-MJS (PC)

11              Plaintiff,                   **ORDER (1) STRIKING DECLARATION
                                             (ECF No. 20), AND (2) STRIKING
12        v.                                 OBJECTIONS (ECF No. 22)**

13   CONNIE GIPSON, et al.,

14              Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

17   rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 7 & 10.) The action

18   proceeds against Defendant Kitt on Plaintiff's Eighth Amendment inadequate medical

19   care claim. (ECF No. 11.)

20        Defendant Kitt failed to timely answer the complaint and default was entered

21   against him. (ECF Nos. 17 & 18.) On December 22, 2014, Defendant filed a motion to

22   set aside entry of default. (ECF No. 19.) Thereafter, on January 12, 2015, Plaintiff filed a

23   declaration detailing his encounters with Defendant Kitt and alleged ensuing injuries.

24   (ECF No. 20.) On January 29, 2015, Defendant filed objections to Plaintiff's declaration.

25   (ECF No. 22.) The Court granted Defendant's motion to set aside default on February 5,

26   2015. (ECF No. 23.)

27        Defendant's objections to Plaintiff's declaration were filed after entry of default,

28   and before the default was set aside. (See ECF Nos. 18 & 23.) The entry of default cut

                                            1

off Defendant's right to appear in this action. See Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927); see also Campos v. Fed. Home Loan Servs., No. 2:13-cv-494-MCE-EFB PS, 2013 WL 5375525 (Sept. 24, 2013) ("Entry of default against a defendant cuts off that defendant's right to appear in the action or to present evidence."); Schwarzer et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 6:42 (2004). Accordingly, Defendant's objections are improper and will be stricken.

Nevertheless, the Court cannot serve as a repository for the parties' evidence (e.g., prison or medical records, affidavits, declarations, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Presently, no motions for summary judgment are before the Court, and no trial date has been set. Plaintiff's motion for default judgment (ECF No. 15) was denied without prejudice (ECF No. 19), and was not renewed. Therefore, Plaintiff's declaration will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's declaration (ECF No. 20) is STRICKEN from the record; and

2. Defendant's objections (ECF No. 22) are STRICKEN from the record.

IT IS SO ORDERED.

Dated:   February 5, 2015             /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE