UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CONNIE GIPSON, et al., <br><br>　　　　Defendants. | CASE NO. 1:13-cv-01931-MJS (PC) <br><br>**ORDER DENYING MOTION FOR SANCTIONS** <br><br>**(ECF No. 37)** |

### I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 7.) The action proceeds against Defendant Kitt on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 11.)

Default initially was entered against Defendant Kitt. (ECF No. 18.) Defendant moved to set aside the entry of default (ECF No. 19), and the motion was granted (ECF No. 23). Thereafter, Defendant answered the complaint. (ECF No. 25.) Plaintiff filed a motion in opposition to the answer. (ECF No. 30.) The motion was stricken as improper and unauthorized. (ECF No. 36).

Now before the Court is Plaintiff's May 20, 2015 motion for sanctions. (ECF No. 37.) Defendant filed an opposition. (ECF No. 38.) Plaintiff filed no reply. The matter is

1

deemed submitted. Local Rule 230(*l*).

**II.     ARGUMENTS**

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 11 against defense counsel, Defendant, and an individual named Elizabeth Statler, who filed a declaration in this action in support of Defendant's motion to set aside default. Plaintiff claims that Defendant's and Ms. Statler's declarations, submitted with the motion to set aside default, contained false statements. Specifically, although Ms. Statler claimed to have contacted an entity called Premier Physician's Alliance to request representation for Defendant in this action, Plaintiff has communicated with an entity called Premier Physician's Alliance who denies any knowledge as to Defendant or this action. In support, Plaintiff submits a letter from the administrator of Premier Physician's Alliance.

Defendant argues that Plaintiff's motion constitutes an untimely opposition to the motion to set aside default and, in any event, fails to establish grounds for sanctions. Defendant also objects to the evidence submitted by Plaintiff.

**III.    ANALYSIS**

The time for Plaintiff to challenge the credibility of Defendant's and Ms. Statler's declarations was in his opposition to the motion to set aside default. He filed no such opposition. His belated attempt to oppose the motion now, through a request for sanctions, is not viewed favorably by the Court.

In any event, the letter submitted by Plaintiff does not provide a basis for sanctions. Defendant Kitt stated, in his declaration in support of the motion to set aside default, that he was associated with an entity called Premier Physician's Alliance in the area of **Bakersfield, California**. The letter supplied by Plaintiff, from an administrator denying knowledge of this action, is from an entity called Premier Physician's Alliance in **Abilene, Texas**. It is apparent that the letter supplied by Plaintiff is not from the correct entity. Furthermore, Ms. Statler submitted a declaration in opposition to the instant motion clarifying that the entity at issue here is in Bakersfield.

Nothing submitted by Plaintiff calls into question the veracity of Defendant's or Ms. Statler's declarations or indicates that the motion to set aside default was lacking in evidentiary support. Fed. R. Civ. P. 11(b).

## IV.     CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for sanctions (ECF No. 37) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 24, 2015                      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE