UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | CASE NO. 1:13-cv-01931-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO COMPEL**<br><br>**(ECF Nos. 39 and 40)** |

## I.   PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 7.) The action proceeds against Defendant Kitt on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 11.)

Before the Court are Plaintiff's June 22, 2015 motions to compel discovery (ECF Nos. 39 and 40.) Defendant filed an opposition. (ECF No. 44.) Plaintiff filed no response.

## II.   DISCUSSION

### A.   Legal Standard

The discovery process is subject to the overriding limitation of good faith. <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

1   defense, and for good cause, the Court may order discovery of any matter relevant to
2   the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information
3   need not be admissible at the trial if the discovery appears reasonably calculated to lead
4   to the discovery of admissible evidence. Id.

5         A party may serve on any other party a written request to admit, for purposes of
6   the pending action only, the truth of any matters within the scope of Rule 26(b)(1)
7   relating to the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). If a
8   matter is not admitted, the answer must specifically deny it or state in detail why the
9   answering party cannot truthfully admit or deny it. The answering party may assert lack
10  of knowledge or information as a reason for failing to admit or deny only if the party
11  states that it has made reasonable inquiry and that the information it knows or can
12  readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4).

13        Generally, if the responding party objects to a discovery request, the party moving
14  to compel bears the burden of demonstrating why the objections are not justified. E.g.,
15  Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan.
16  13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4
17  (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which
18  discovery requests are the subject of the motion to compel, and, for each disputed
19  response, why the information sought is relevant and why the responding party's
20  objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No.
21  CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

22        The court must limit discovery if the burden of the proposed discovery outweighs
23  its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination
24  whether . . . information is discoverable because it is relevant to the claims or defenses
25  depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory
26  Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

27
28

### B. Plaintiff's motion

Plaintiff moves to compel Defendant to produce various documents that apparently were the subject of Plaintiff's Request for Production, Set One. (ECF No. 39.) Plaintiff's motion sets out the documents he purportedly requested. His second motion (ECF No. 40) objects to Defendant's apparent assertion of privilege in response to some or all of the requests.

Plaintiff states that he did not receive any of the requested documents from Defendant. Defendant states that he timely served objections and responses to the request. (ECF No. 44.) The actual requests, responses, and objections have not been provided to the Court.

### C. Discussion

Plaintiff's motions to compel are incomplete and, as such, inadequate. The motions do not include a complete copy of the discovery requests and a complete copy of Defendants' responses or any explanation as to why the requested information is discoverable. The Court is unable to determine precisely what was requested, whether the information requested was discoverable, how Defendants responded, or the manner in which their responses are believed to be inadequate.

## III. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motions to compel (ECF Nos. 39 and 40) are HEREBY DENIED without prejudice. Plaintiff may renew his requests prior to the expiration of the discovery deadline by providing a complete copy of the discovery requests and responses, and explaining the manner in which the responses are believed to be inadequate.

IT IS SO ORDERED.

Dated: July 27, 2015          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

3