1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER,<br><br>            Plaintiff,<br><br>      v.<br><br>CONNIE GIPSON, et al.,<br><br>            Defendants. | Case No.  1:13-cv-01931-MJS (PC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 48)** |

I.      **PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 7.) The matter proceeds against Defendant Kitt on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 11.) All parties have consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 8 & 33.)

Before the Court is Defendant's December 31, 2015 motion for summary judgment. (ECF No. 48.) Plaintiff filed an opposition. (ECF No. 49.) Defendant filed a reply. (ECF No. 54.) The matter is deemed submitted pursuant to Local Rule 230(*l*).

For the reasons set forth below, the motion will be denied.

1 **II.    LEGAL STANDARD**

2    Any party may move for summary judgment, and the Court shall grant summary

3 judgment if the movant shows that there is no genuine dispute as to any material fact

4 and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash.

5 Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

6 whether it be that a fact is disputed or undisputed, must be supported by (1) citing to

7 particular parts of materials in the record, including but not limited to depositions,

8 documents, declarations, or discovery; or (2) showing that the materials cited do not

9 establish the presence or absence of a genuine dispute or that the opposing party

10 cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

11    Plaintiff bears the burden of proof at trial, and to prevail on summary judgment,

12 he must affirmatively demonstrate that no reasonable trier of fact could find other than

13 for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

14 Defendants do not bear the burden of proof at trial and, in moving for summary

15 judgment, they need only prove an absence of evidence to support Plaintiff's case. In re

16 Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

17    In judging the evidence at the summary judgment stage, the Court may not make

18 credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984,

19 and it must draw all inferences in the light most favorable to the nonmoving party,

20 Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942

21 (9th Cir. 2011).

22 **III.    UNDISPUTED FACTS**

23    Based on the submissions of the parties, the Court finds the following facts to be

24 undisputed.

25    Plaintiff has a long-standing history of ear infections and hearing loss in his left

26 ear. In 2006, he was diagnosed with bilateral Eustachian tube dysfunction and

27 conductive hearing loss in his left ear. In 2010, he had an abnormal skin growth

28

1 removed from his left ear. In 2011, a pressure equalizing ("PE") tube, also referred to in
2 the records as a "T-tube," was placed.

3     Thereafter, Plaintiff regularly presented to CDCR physicians with complaints of
4 pain and hearing loss in his left ear. On more than one occasion, the tube was noted to
5 be obstructed or plugged and Plaintiff was scheduled to have the tube removed and
6 replaced. For reasons not relevant to this motion, those scheduled procedures were not
7 undertaken.

8     In October 2012, CDCR medical staff requested that Plaintiff be referred to
9 Corcoran District Hospital for consultation regarding removal and replacement of the PE
10 tube and removal of wax from the left ear. It is unclear from the records whether Plaintiff
11 actually was seen at CDH for his ear complaints. Indeed, it appears that visits were
12 scheduled in November 2012 and January 2013 but cancelled. In any event, the tube
13 was not removed during this time period.

14     Eventually, on February 12, 2013, Plaintiff was seen by Dr. Kitt for removal of the
15 left PE tube. Notes from that visit reflect that Plaintiff's left ear was washed and an
16 "extruded PE tube and wax were removed." (ECF No. 48-6.) In a separate note, Dr. Kitt
17 stated, "Today the PE tube was self extruded and removed from the ear canal." Dr. Kitt
18 noted that Plaintiff's hearing was normal.

19     Notwithstanding Dr. Kitt's note about removal of the PE tube, it is undisputed that
20 the PE tube was not removed and in fact remained in Plaintiff's ear. Plaintiff contends
21 that the tube continued to cause him pain, balance issues, and hearing loss.

22     In July 2013, Plaintiff was seen by non-party Dr. Smith who noted that Plaintiff
23 complained of pain, pressure, and drainage in the left ear. Plaintiff informed Dr. Smith
24 that during his visit with Dr. Kitt, the ear was flushed, but the tube was not removed. Dr.
25 Smith noted that the tube did not appear patent. Plaintiff again was referred to Dr. Kitt
26 for removal of the PE tube.

27     Plaintiff was seen by Dr. Kitt on October 22, 2013. Plaintiff complained of
28 headaches, earaches, and ear infections. Dr. Kitt found that Plaintiff's hearing was in

1  the normal range. He noted that the PE tube remained in Plaintiff's ear and the ear
2  drum was intact. Plaintiff complained of hearing loss and infections. Dr. Kitt recorded
3  that no infection was present. He informed Plaintiff that his complaints were unrelated to
4  his history of ear problems and advised him to follow up as needed. According to
5  Plaintiff, Dr. Kitt disagreed with Plaintiff that the ear tube was the cause of Plaintiff's pain
6  and ended the visit.

7        Plaintiff claims that, following this visit, he continued to experience pain and
8  infections as a result of the tube.  On August 22, 2014, he was seen by non-party ENT
9  Dr. Reisman, who noted that the PE tube was obstructed and fibrotic. He opined that
10 "serous crusting" on the tube could be a source of Plaintiff's discomfort. He
11 characterized the tube as "nonfunctional" and recommended its removal to reduce
12 discomfort. Dr. Reisman removed and replaced the tube on October 31, 2014. Upon
13 follow up in December, the tube appeared patent and Dr. Reisman concluded Plaintiff
14 was stable. He had mild conductive hearing loss in his left ear. He recommended follow
15 up at regular intervals.

16 **IV.    DISCUSSION**

17       **A.    Legal Standard – Medical Indifference**

18       Deliberate indifference to serious medical needs violates the Eighth
19 Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble,
20 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),
21 overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th
22 Cir. 1997) (en banc). A determination of "deliberate indifference" involves an
23 examination of two elements: the seriousness of the prisoner's medical need, and the
24 nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious
25 medical need exists if the failure to treat a prisoner's condition could result in further
26 significant injury or the unnecessary and wanton infliction of pain. Id. The existence of
27 an injury that a reasonable doctor or patient would find important and worthy of
28 comment or treatment, the presence of a medical condition that significantly affects an

4

1  individual's daily activities, or the existence of chronic and substantial pain are examples
2  of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60.

3       A prison official is deliberately indifferent if he knows that a prisoner faces a
4  substantial risk of serious harm and disregards that risk by failing to take reasonable
5  steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must
6  not only "be aware of facts from which the inference could be drawn that a substantial
7  risk of serious harm exists," but he "must also draw the inference." Id. In order for
8  deliberate indifference to be established, therefore, there must be a purposeful act or
9  failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at
10 1060. Deliberate indifference may be shown when prison officials deny, delay or
11 intentionally interfere with medical treatment, or it may be shown in the way in which
12 they provide medical care. Id. at 1062. A claim of medical malpractice or negligence is
13 insufficient to make out a violation of the Eighth Amendment. Id. at 1059; Toguchi v.
14 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

15      **B.**   **Parties' Arguments**

16      Defendant argues that his care and treatment met the applicable standard of
17 care and Plaintiff therefore cannot prove deliberate indifference. Defendant contends
18 that he conducted a proper examination on Plaintiff's first visit and was not negligent, let
19 alone deliberately indifferent, in failing to visualize the PE tube. According to Defendant
20 and his expert witness, Dr. Hartman, it is possible to miss a PE tube during a proper
21 examination and it is not uncommon for PE tubes to self-extrude or to become obscured
22 by wax, debris, or tissue. As to the second visit, Dr. Kitt's conclusion that there was no
23 connection between Plaintiff's earaches and the PE tube was reasonable based on Dr.
24 Kitt's examination. As such, his decision to leave the PE tube in place does not fall
25 below the standard of care. Lastly, Defendant contends that Plaintiff's injuries and
26 damages are not the result of any negligent act or omission on the part of Dr. Kitt.

27      Plaintiff's opposition does not meet the requirements for opposing a motion for
28 summary judgment. Nevertheless, his arguments are easily discerned. He primarily

1  argues that Dr. Kitt "wrote off" his complaints at the initial visit in order to make a quick

2  profit. He contends that Dr. Kitt's incorrect statement that the tube had been removed

3  resulted in a delay in Plaintiff receiving treatment. His failure to remove the tube resulted

4  in ear infections, hearing loss, and pain.

5      **C.    Analysis**

6      Defendant does not dispute that the condition of Plaintiff's left ear constituted a

7  serious medical need. Accordingly, the Court must determine only whether Defendant's

8  papers have ruled out the possibility of Plaintiff proving deliberate indifference to

9  Plaintiff's medical need. For the reasons set forth below, the Court concludes that

10  Defendant has not met this burden.

11      Defendant has provided uncontroverted expert opinion evidence that his care of

12  Plaintiff was medically appropriate. However, this opinion testimony is not found to be

13  dispositive. With regard to Plaintiff's first visit, Defendant's expert, Dr. Hartman opines

14  that Defendant's examination and treatment decisions were within the standard of care.

15  He explains that it is not a violation of the standard of care to miss a PE tube, as there

16  are several reasons a tube may be obscured. Given Plaintiff's history, it was reasonable

17  for Dr. Kitt to assume that the tube had self-extruded.

18      The Court agrees that a failure to visualize a PE tube, in and of itself, is

19  insufficient to establish a claim of deliberate indifference. However, here, Dr. Kitt did not

20  merely note an inability to visualize the PE tube or simply speculate that it may have

21  self-extruded. He affirmatively reported that he removed the extruded PE tube from

22  Plaintiff's ear. This was undisputedly a false statement. A trier of fact will have to

23  determine from all the evidence whether this was a deliberate or simply erroneous

24  misstatement; the Court cannot do so based upon the existing evidence. Even if

25  unintentional, the error reflects a level of disregard and carelessness a reasonable juror

26  could characterize as deliberate indifference.

27      Dr. Hartman opines that Dr. Kitt's decision during the second visit to leave the PE

28  tube in place was reasonable since there was no bulging or perforation of the eardrum

or active infection. However, Dr. Hartman's opinion relies primarily on Dr. Kitt's notes regarding Plaintiff's visits. Given the inaccuracies noted above, a reasonable juror certainly might hesitate to credit those records. More significantly, Dr. Kitt's decision not to remove the PE tube is at directly at odds with the recommendations of ENTs who saw Plaintiff before, during, and after Dr. Kitt's course of treatment. Such opinions, coupled with the possible finding of deliberate indifference referred to above, could support a reasonable juror's conclusion that Dr. Kitt remained, deliberately, perhaps callously, indifferent in deciding not to remove Plaintiff's PE tube.

Lastly, Defendant argues that he is entitled to summary judgment because Dr. Kitt's treatment was not a cause of Plaintiff's injuries. This argument is based on the declaration of Dr. Hartman, who opines, first, that Dr. Kitt's treatment was not a "substantial" factor in Plaintiff's injuries, and, second, that Plaintiff's hearing loss is "most likely" attributable to Eustachian tube dysfunction and other ear irregularities, not the PE tube. Dr. Hartman's statements reflect anything but a high level of conviction and are thus not dispositive of the medical issues raised. In any event, Plaintiff alleges he suffered pain during the more than twenty month delay in having the tube removed. A delay resulting in the unnecessary and wanton infliction of pain is sufficient to support a claim of deliberate indifference. See Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989).

**V.   CONCLUSION AND ORDER**

Based on the foregoing, Defendant's motion for summary judgment (ECF No. 48) is HEREBY DENIED. The Court will issue a separate scheduling order setting this matter for trial.

IT IS SO ORDERED.

Dated:   May 13, 2016          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

7