UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER<br><br>    Plaintiff,<br><br>    v.<br><br>CONNIE GIPSON, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01931-MJS (PC)<br><br>**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 58)**<br><br>**ORDER DENYING MOTION FOR DELAY IN SCHEDULING TRIAL**<br><br>**(ECF No. 62)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint against Defendant Kitt for inadequate medical care in violation of the Eighth Amendment of the United States Constitution. The deadlines to complete discovery and to file dispositive motions have passed. The matter is ready to be set for trial.

Before the Court are Plaintiff's motion for the appointment of counsel (ECF No. 58), and his motion requesting that the Court delay trial setting in light of the parties' ongoing settlement negotiations (ECF No. 62).

1

## I. APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court finds that the circumstances of this case warrant a request for the voluntary assistance of counsel. The Court will take and keep Plaintiff's motion under submission and will endeavor to secure volunteer counsel for Plaintiff. As stated, however, the Court cannot require an attorney to represent Plaintiff, nor can the Court guarantee that Plaintiff will be represented in this action. Unless and until Plaintiff receives a court order advising him that counsel has been appointed, he shall continue to proceed in this action pro se.

## II. DELAY OF TRIAL SETTING

Plaintiff represents that the parties are engaged in settlement discussions and have exchanged several compromise proposals. While the Court encourages the parties to continue such discussions, it cannot hold the case in abeyance pending a settlement that may never occur. The Court will proceed with setting the case for trial. However, the Court's schedule is such that it will be several months before trial actually begins. The parties may, and should, continue their informal negotiations in the interim.  They also

2

are invited to ask the Court to assign a Magistrate Judge to act as a mediator if they feel that might facilitate negotiation and resolution of this case.

**III.    ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court will keep Plaintiff's motion for the appointment of counsel (ECF No. 58) under submission pending efforts to secure volunteer counsel; and
2. Plaintiff's motion requesting delay in trial scheduling (ECF No. 62) is DENIED.

IT IS SO ORDERED.

Dated:    June 28, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE