UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIPSON, et al.,<br><br>　　　　Defendants. | Case No.  1: 13-cv-01931-MJS (PC)<br><br>ORDER DENYING MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS<br><br>(ECF No. 86) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded against Defendant Kitt on Plaintiff's Eighth Amendment claim for inadequate medical care. The parties consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c).

A settlement conference was held on August 22, 2016, and the matter settled. (ECF Nos. 82, 83.) The matter was dismissed with prejudice pursuant to the parties' stipulation, and the case was closed. (ECF Nos. 84, 85.)

Before the Court is Plaintiff's October 26, 2016 motion to effectuate the settlement and to sanction Defendant for breach of the settlement agreement. (ECF No. 86.) Defendant filed a response. (ECF No. 87.) Plaintiff filed no reply. The matter is deemed submitted.  Local Rule 230(*l*).

## I.  Legal Standard

In <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994), the Supreme Court considered the jurisdiction of federal courts to enforce settlement agreements. The Court held that once parties to a lawsuit have settled and the District Court has dismissed the case, the District Court does not have ancillary jurisdiction to enforce the parties' settlement agreement. <u>Id.</u> at 379-81. Ancillary jurisdiction to enforce a settlement agreement may arise if the "parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by [a] separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." <u>Id.</u> at 381; <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1433 (9th Cir. 1995) (quoting <u>Kokkonen</u>, 511 U.S. at 381). Such specific language confers the requisite jurisdiction because a breach of the agreement thereby violates the order. <u>Kokkonen</u>, 511 U.S. at 381. Absent such language or an independent basis for jurisdiction, the enforcement of a settlement agreement is for the state courts. <u>Id.</u> at 382.

To the extent that Plaintiff's motion can be construed as a request brought pursuant to Federal Rule of Civil Procedure 60(b)(6), the Ninth Circuit has held that the repudiation or "complete frustration" of a settlement agreement can be grounds to set aside a judgment. <u>See</u> <u>Keeling v. Sheet Metal Workers Int'l</u>, 937 F.2d 408, 410 (9th Cir. 1991); <u>see also</u> <u>Kokkonen</u>, 511 U.S. at 378 (distinguishing enforcement of a settlement agreement from reopening a dismissed suit because of breach of the agreement that was the basis for dismissal).

## II.  Parties' Arguments

It appears that part of Plaintiff's motion is missing, as the motion itself cuts off mid-sentence. In the portion of the motion filed with the Court, Plaintiff claims that, pursuant to the settlement agreement, Defendant had forty five days to provide the agreed-upon settlement funds to Plaintiff. No such funds were received as of the date of

filing.

Defendant responds that he had forty five days following receipt of an executed release and request for dismissal in which to send the settlement funds to Plaintiff. He received the executed documents on September 6, 2016, and therefore had until October 21, 2016 to distribute the funds to Plaintiff. The settlement agreement specifically provided that the funds would be sent to the California Department of Corrections and Rehabilitation Accounting Department for distribution to Plaintiff's prison trust account. The funds were sent to the accounting Department on October 10, 2016. Pursuant to the return receipt received by Defendant, the Accounting Department received the funds on October 14, 2016. Defense counsel also spoke with Christyne Mills in the Accounting Department to confirm receipt.

## III. Discussion

The Court did not retain jurisdiction to enforce the parties' settlement agreement. (See ECF Nos.84, 85.) Accordingly, Plaintiff's motion must be denied.

Nor does Plaintiff show grounds for relief under Rule 60(b)(6) as it appears his request is without merit. Defendant submits evidence to show that he has complied with the settlement agreement. Plaintiff provides no evidence or argument to the contrary. Nothing before the Court reflects frustration of the settlement agreement or any basis for sanction.

## IV. Conclusion and Order

Based on the foregoing, Plaintiff's motion to enforce the settlement agreement and for sanctions is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   November 9, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

3